## CASE NO. 23-6791

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

### JOEL AARON BURRELL,
Plaintiff – Appellant,

**v.**

### D. SHIRLEY, et al.,
Defendants – Appellees.

**Appeal from the United States District Court for the Eastern District of Virginia**

# RESPONSE BRIEF OF COURT-APPOINTED *AMICUS CURIAE* IN SUPPORT OF THE DISTRICT COURT'S DECISION

DAVID ROBERTS
TIMUR AKMAN-DUFFY
   *Court-Appointed Amicus Curiae*
KATIE DEMALLIE
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4061
Telephone: +1 202 383 5300
Facsimile:  +1 202 383 5414
E-Mail: TAkmanDuffy@omm.com

*Amicus Curiae*

June 10, 2024

**TABLE OF CONTENTS**

Page

INTEREST OF AMICUS CURIAE ...................................................................1

JURISDICTIONAL STATEMENT ..................................................................1

STATEMENT OF ISSUES ..............................................................................1

STATEMENT OF CASE ..................................................................................1

I.   Statement of Facts:  Burrell's Previous Strikes ...................................2

    A.   First Strike at Issue:  *Burrell v. Unknown*, Case No. 1:18-cv-00140-TSE-JFA ..........................................................................2

    B.   Second Strike at Issue:  *Burrell v. Anderson*, Case No. 1:21-cv-00864-TSE-TCB .........................................................................3

    C.   Third Strike:  *Burrell et al. v. Virginia Pilot*, Case No. 1:21-cv-00865-TSE-MSN .........................................................................7

II.  Procedural History ................................................................................7

III. Additional Dismissal in *Burrell v. Mayer* .........................................8

SUMMARY OF ARGUMENT .......................................................................10

STANDARD OF REVIEW .............................................................................11

ARGUMENT ...................................................................................................11

I.   Both Dismissals Facially Qualify as Strikes .....................................12

II.  A Dismissal Under *Younger* Is a Strike ............................................16

    A.   *Younger* Dismissals Are for Failure to State a Claim .........16

    B.   The District Court Properly Construed Burrell's Letter as a § 1983 Complaint ...................................................................24

III. A Rule 41(b) Dismissal for Failure to Comply with an Order Providing a Plaintiff the Chance to Cure Pleading Defects Is a Strike ........26

CONCLUSION ................................................................................................31

STATEMENT REGARDING ORAL ARGUMENT ......................................32

i

**TABLE OF CONTENTS**
**(continued)**

**Page**

CERTIFICATE OF COMPLIANCE........................................................33

CERTIFICATE OF SERVICE ..............................................................34

# TABLE OF AUTHORITIES

**Page**

## Cases

*Air Evac EMS, Inc. v. McVey*,
   37 F.4th 89 (4th Cir. 2022)...................................................................18

*Attkisson v. Holder*,
   925 F.3d 606 (4th Cir. 2019) ......................................................... 6, 15

*Belanus v. Clark*,
   796 F.3d 1021 (9th Cir. 2015) ............................................................26

*Blakely v. Wards*,
   738 F.3d 607 (4th Cir. 2013)........................10, 12, 15-16, 23, 25-26,29

*Borum v. Brentwood Vill., LLC*,
   218 F. Supp. 3d 1 (D.D.C. 2016) ........................................................20

*Briggman v. Martin*,
   No. 5:21-CV-00074, 2022 WL 1203822 (W.D. Va. Apr. 22, 2022)...................20

*Carbajal v. McCann*,
   808 F. App'x 620 (10th Cir. 2020)......................................................21

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*,
   556 U.S. 635 (2009) ...........................................................................17

*CMH Homes, Inc. v. Browning*,
   No. 2:14-CV-12762, 2015 WL 1276729 (S.D. W.Va. Mar. 19, 2015) ..............21

*De'lonta v. Johnson*,
   708 F.3d 520 (4th Cir. 2013) .............................................................19

*Goodyear Tire & Rubber Co. v. Haeger*,
   581 U.S. 101 (2017) .............................................................................5

*Hall v. United States*,
   44 F.4th 218 (4th Cir. 2022)..............................................................16

*Heck v. Humphrey*,
   512 U.S. 477 (1994) ...........................................................................22

*Heritage Farms, Inc. v. Solebury Twp.*,
   671 F.2d 743 (3d Cir. 1982) ......................................................... 16, 20

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Hudspeth v. Figgins*,
584 F.2d 1345 (4th Cir. 1978) ...................................................................26

*Jones v. Bock*,
549 U.S. 199 (2007) ..................................................................... 11, 24

*Kline v. Burke Constr. Co.*,
260 U.S. 226 (1922) ...................................................................18

*Lee v. Brown*,
610 F. Supp. 3d 865 (W.D. Va. 2022) .................................................28

*Lomax v. Ortiz-Marquez*,
140 S. Ct. 1721 (2020) ................................................................. 11, 23

*McLean v. United States*,
566 F.3d 391 (4th Cir. 2009) .......................................................... 23, 24

*Moskos v. Hardee*,
24 F.4th 289 (4th Cir. 2022) ........................................................... 14, 27

*Neitzke v. Williams*,
490 U.S. 319 (1989) ...................................................................20

*Newsome v. Broward Cnty. Pub. Defs.*,
304 F. App'x 814 (11th Cir. 2008) .................................................... 16, 20

*Nivens v. Gilchrist*,
444 F.3d 237 (4th Cir. 2006) .................................................. 16-17, 19-21, 23-24

*Ohio Civ. Rts. Comm'n v. Dayton Christian Sch., Inc.*,
477 U.S. 619 (1986) ...................................................................17

*Paul v. Marberry*,
658 F.3d 702 (7th Cir. 2011) .............................................................30

*Peralta v. Leavitt*,
56 F. App'x 534 (2d Cir. 2003) ....................................................... 16, 20

*Pitts v. South Carolina*,
65 F.4th 141 (4th Cir. 2023) ........................................................ 12, 13, 26, 28

iv

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*,
    4 F.3d 244 (4th Cir. 1993) ...................................................................19

*Sansotta v. Town of Nags Head*,
    724 F.3d 533 (4th Cir. 2013) ...............................................................18

*SE.H. v. Bd. of Educ. of Anne Arundel Cnty. Pub. Schs.*,
    647 F. App'x 242 (4th Cir. 2016) .........................................................13

*Shaddai v. Zamora*,
    833 F.3d 1036 (9th Cir. 2016) ..............................................................26

*Starbuck v. Williamsburg James City Cnty. Sch. Bd.*,
    28 F.4th 529 (4th Cir. 2022) ................................................................25

*Suggs v. Brannon*,
    804 F.2d 274 (4th Cir. 1986) ...............................................................18

*Sumner v. Tucker*,
    9 F. Supp. 2d 641 (E.D. Va. 1998) ........................................................3

*Thompson v. Drug Enf't Admin.*,
    492 F.3d 428 (D.C. Cir. 2007) ............................................... 22, 29, 30

*Tolbert v. Stevenson*,
    635 F.3d 646 (4th Cir. 2011) ...............................................................11

*United States v. Marion*,
    590 F.3d 475 (7th Cir. 2009) ...............................................................13

*Wall v. Rasnick*,
    42 F.4th 214 (4th Cir. 2022) ................................................................25

*Washington v. Los Angeles County Sheriff's Department*,
    833 F.3d 1048 (9th Cir. 2016) ................................................... 21, 22

*Younger v. Harris*,
    401 U.S. 37 (1971) ..................................................................... 1, 3, 17

**Statutes**

28 U.S.C. § 1291 ...........................................................................................1

v

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

28 U.S.C. § 1294 ...........................................................................................1

28 U.S.C. § 1343 .........................................................................................19

28 U.S.C. § 1915(e)(2)(B)(ii) ......................................................................20

28 U.S.C. § 1915(g) .............................................................1-2, 11-12, 29

28 U.S.C. § 1915A ............................................................................... 13, 19

**Rules**

Fed. R. Civ. P. 12(b)(2)–(5) ........................................................................20

Fed. R. Civ. P. 12(b)(7) ...............................................................................20

Fed. R. Civ. P. 12(h)(3) ...............................................................................18

Fed. R. Civ. P. 8(e) ......................................................................................25

**Other Authorities**

Martin H. Redish, *Abstention, Separation of Powers, and the Limits of the Judicial Function*, 94 Yale L.J. 71 (1984) ...........................................17

*Table A: Incarcerated Population and Prison/Jail Civil Rights/Conditions Filing Rate, FY 1970 – FY 2020*, Incarceration and the Law (Apr. 2022), https://incarcerationlaw.com/resources/data-update (last accessed June 10, 2024) .......................................................................................................11

## INTEREST OF AMICUS CURIAE

This Court's Order of May 1, 2024 assigned Timur Akman-Duffy "to file amicus briefs in support of the district court's decision in this appeal."[1]

## JURISDICTIONAL STATEMENT

Amicus counsel is satisfied with the jurisdictional statement of appellant Joel Arron Burrell and agrees that this Court has jurisdiction to review the District Court's final dismissal order under 28 U.S.C. §§ 1291, 1294.

## STATEMENT OF ISSUES

The Court has requested briefing on two issues: first, "whether a dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), counts as a strike under 28 U.S.C. § 1915(g)"; and second, "whether dismissal for failure to comply with a court order to file an amended complaint stating a valid claim for relief counts as a strike under § 1915(g)." Dkt. #18.

## STATEMENT OF CASE

Appellant Joel Aaron Burrell is a Virginia inmate serving a sentence of over forty years. He's become an active litigant during his incarceration, filing at least eight cases in the Eastern District of Virginia, of which three or more have been

---

[1] Under Federal Rule of Appellate Procedure 29(a)(4)(E), no counsel for a party authored this brief in whole or in part, no counsel for a party made a monetary contribution to fund the preparation or submission of this brief, and no person or entity other than amicus curiae made a monetary contribution to the preparation or submission of this brief.

1

dismissed.  *See* Letter to Plaintiff, *Burrell v. Va. Pilot*, No. 1:21-cv-00865-TSE-MSN (E.D. Va. Jan. 26, 2023), ECF No. 12.  In the matter below, the district court denied Burrell's motion to proceed in forma pauperis (IFP), determining three of his previous dismissals were strikes under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).  JA54–56.[2]  Burrell challenges two of those calls.

All three strikes at issue, and the decision below, were in the Eastern District of Virginia before now-retired Judge T. S. Ellis III.

## I.    Statement of Facts:  Burrell's Previous Strikes

### A.    First Strike at Issue:  *Burrell v. Unknown*, Case No. 1:18-cv-00140-TSE-JFA

In 2018, while awaiting trial in Virginia state court, Burrell filed a letter in the Eastern District of Virginia asserting that he was "suffering from a miscarriage of justice."  JA58.  Among his allegations were that the Public Defender's Office took actions without Burrell's consent (such as requesting a competency evaluation), that his preliminary hearing was tainted based on unauthorized communication with a sequestered witness or judge, discovery abuses, and improper prosecutorial delays.  JA58–60.  He accused the state court of "judicial corruption" and sought a change in venue.  JA60–61.

---

[2] "JA" refers to the Appendix submitted to the Court on February 20, 2024.

The district court docketed the letter as a civil rights action under 42 U.S.C. § 1983 and dismissed, without prejudice, "pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim."[3]  JA65.  Specifically, the court determined that *Younger v. Harris*, 401 U.S. 37 (1971), precluded its involvement with the "pending state court criminal proceeding."  JA67.  Burrell didn't appeal.

### B.    Second Strike at Issue:  *Burrell v. Anderson*, Case No. 1:21-cv-00864-TSE-TCB

In 2021, after his conviction in state court, Burrell filed a pro se § 1983 claim against three employees of the Hampton Roads Regional Jail, where he was previously detained.  JA74–75.  Burrell alleged that the employees violated his right to access the courts, citing the Fifth and Fourteenth Amendment as well as the Constitution of Virginia.   JA77.   He initially sought $200,000 in damages and injunctive relief to access the law library.  JA78.

Burrell applied to proceed in forma pauperis, so the district court screened Burrell's complaint "to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted."   JA136.   The court found the complaint to be "poorly organized" and "largely conclusory in nature," failing to comply with Federal Rule of Civil Procedure 8.  JA137–138.  In a seven-page order,

---

[3] The court noted that § 1915(A) is weighed under "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."  JA66 (quoting *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998)).

the court identified specific issues in the complaint, proposed improvements, and granted Burrell the opportunity to amend. JA136–142. It directed Burrell to "particularize and amend his complaint" within 30 days, noting it would "serve as the sole complaint in this civil action." JA141–142. The court warned that failure to comply "may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b)." JA142.

Burrell timely filed the first amended complaint, identifying three claims, JA145–155, and moved to further amend his complaint a few weeks later, identifying two additional claims related to the adequacy of his medical care. JA205–206. He increased his requested relief to $12.5 million in damages, along with a temporary restraining order and a "Declaratory Judgment for Transferal." JA155.

The district court again found the complaint deficient. JA219. In a twelve-page order, the court detailed each claim's inadequacies and recommended revisions. JA219–230. For the first and third claims, the court noted Burrell's "failure to plead his claims clearly make it impossible to determine if he has stated a claim." JA222. For the second, Burrell's "allegation of a violation of attorney-client confidentiality simply does not state a claim." JA225.

The court also addressed the additional allegations over the adequacy of his medical care, reminding Burrell that he must "state the length of the delay or that the nature of his injury amounted to a serious medical need." JA225. It also denied

4

Burrell's request for a temporary restraining order, as the court "reviewed the complaint pursuant to 28 U.S.C. § 1915A and has found it does not state a claim." JA229.

The court gave Burrell a second chance amend his complaint, limited to "claims that may have common issues of fact or law." JA228. It reiterated that the amended complaint would serve as the sole complaint and that failure to comply may result in dismissal under Rule 41(b). JA230.

Burrell timely filed his second amended complaint. JA240–251. But as before, the court found the revisions did "not address the deficiencies" previously noted and "attempt[ed] to add new claims." JA253. Over a seven-page order, the court once more identified the defects. JA253–259. For Burrell's first two claims, the court again noted they "do not state a claim upon which relief can be granted." JA256–257. And regarding the third and fourth claims, the court found the claims "violate the rules on joinder" and "dismissed without prejudice." JA258. Permitting a third chance, the court granted Burrell leave to file a fourth amended complaint to cure the documented defects, reiterating that it would be the sole complaint and that failure to comply may result in dismissal. JA259.

Burrell missed the deadline. The district court then dismissed Burrell's complaint for noncompliance with a court order, "exercising its inherent authority to manage its docket." JA262 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S.

101, 107 (2017)). In a four-page order, the court reviewed the deficiencies in Burrell's second amended complaint and noted it "considered the factors set forth in *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019)."[4] JA262.

The court dismissed "pursuant to 28 U.S.C. § 1915A(b)(1)," informing Burrell that under "28 U.S.C. § 1915(g), this dismissal may affect [his] ability to proceed in forma pauperis in future civil actions." JA262.

In a follow-up letter, Burrell responded that he had complied with the previous order and that the court was "trying to intentionally impede [his] lawsuit." JA264–265. Burrell wrote he had "proof to verify [his] documents were mailed on time," though it wasn't included in his letter (and is not in his submitted appendix). JA265. The district court construed the letter as a Rule 59(e) motion and denied it, noting that Burrell "claims to have proof that he filed his pleadings in a timely manner but has not provided it to the Court." Order, *Burrell v. Anderson*, No. 1:21-cv-00864-TSE-IDD (E.D. Va. Aug. 3, 2022), ECF No. 26.

---

[4] The criteria are: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (internal quotations omitted).

Burrell appealed to this Court, which affirmed the dismissal "for the reasons stated by the district court." JA269. This decision closed the matter, nearly a year-and-a-half after Burrell's initial complaint.

### C. Third Strike: *Burrell et al. v. Virginia Pilot*, Case No. 1:21-cv-00865-TSE-MSN

While *Burrell v. Anderson* was pending, Burrell filed another suit in the Eastern District of Virginia against two newspapers, alleging they violated the First Amendment and Equal Protection Clause for not publishing information Burrell supplied. Complaint, *Burrell v. Va. Pilot*, No. 1:21-cv-00865-TSE-MSN (E.D. Va. July 22, 2021), ECF No. 1. The district court dismissed for "fail[ing] to state a § 1983 claim." Order, *Burrell v. Va. Pilot*, No. 1:21-cv-00865-TSE-MSN (E.D. Va. July 29, 2021), ECF No. 4. Burrell initially appealed, but later voluntarily dismissed the case. Order, *Burrell v. Va. Pilot*, No. 1:21-cv-00865-TSE-MSN (E.D. Va. Oct. 28, 2021), ECF No. 10. Burrell doesn't challenge that this dismissal was a strike. *See* Br. 3 n.1.

## II. Procedural History

In 2022, Burrell filed the complaint at issue in this appeal, alleging deliberate indifference, negligence, and retaliation by the staff of the Hampton Roads Regional Jail. JA5–14; *see also* JA17–53 (amended complaint). He sought $2.5 million in compensatory damages and $350,000 in punitive damages. JA53. He submitted a proposed summons to the defendants and applied to proceed IFP. JA2–3, JA54.

The district court denied Burrell's IFP motion and dismissed the rest as moot (including his proposed summons). JA54. The court's docket review revealed that on "at least three occasions, [Burrell] has had civil actions dismissed pursuant to 28 U.S.C. § 1915A(b)(1)," listing the three dismissals discussed.[5] JA54 n.1. Finding that Burrell pleaded no "facts suggesting he is in imminent danger of physical harm," the court dismissed without prejudice for failure to pay the filing fee. JA55–56.

Burrell appealed. This Court appointed undersigned counsel as amicus to defend the district court's decision.

## III. Additional Dismissal in *Burrell v. Mayer*

In 2022, Burrell filed another § 1983 complaint in the Eastern District of Virginia against the staff of the Hampton Roads Regional Jail, alleging claims such as "unreasonable search and seizure." Complaint, *Burrell v. Mayer*, No. 3:22-cv-00801-RCY-MRC (E.D. Va. Dec. 21, 2021), ECF No. 1. Burrell moved to proceed IFP.

While this case was pending, and before Burrell submitted his opening brief, Judge Young denied Burrell's IFP motion, citing the case below as evidence that Burrell had three strikes. *Burrell v. Mayer*, No. 3:22CV801 (RCY), 2023 WL 6445858, at *1 (E.D. Va. Sept. 29, 2023) (citing *Burrell v. Shirley*, No. 1:22CV716

---

[5] The district court cites *Burrell et al. v. Virginia Pilot, et al.* as "*Burrell v. Schofield, et al.*" JA54 n.1. The rest of the citation is accurate.

(TSE/WEF), 2023 WL 5228958, at *1 n.1 (E.D. Va. July 20, 2023)). The district court admonished Burrell for identifying only a single case that was dismissed "as frivolous, malicious, or failed to state a claim upon which relief could be granted." *Id.* But rather than listing *Virginia Pilot*, which Burrell concedes is a strike here, he listed *Unknown*, which he now challenges.

Burrell appealed. This Court denied his application to proceed without prepayment of fees under the PLRA, finding that he had three strikes. Order, *Burrell v. Mayer*, No. 3:22-cv-00801-RCY-MRC (E.D. Va. Nov. 13, 2023), ECF No. 27. The order doesn't specify which dismissals it considered. This Court later dismissed the appeal for failure to prosecute. *Burrell v. Mayer*, No. 23-7034, 2023 WL 11062424, at *1 (4th Cir. Dec. 19, 2023).

## SUMMARY OF ARGUMENT

This Court should affirm the district court's denial of Burrell's IFP motion because he has at least three strikes under the PLRA.  The *Unknown* dismissal was "pursuant to 28 U.S.C. § 1915A(b)(1) *for failure to state a claim*."  JA65 (emphasis added).  And the *Anderson* dismissal was also under § 1915A(b)(1), which mandates dismissal if the claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  *See* JA262.  Both fall in the strike zone.

Burrell's claimed errors lack merit.  Contrary to Burrell's contention, a dismissal under *Younger* is a dismissal for failure to state a claim, as other circuits have recognized.  Similarly, a dismissal for failure to comply with a court order is a strike when the underlying deficiency goes to the sufficiency of the complaint.  The critical question is "whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013).  Each of Burrell's dismissals so chimed.

Finally, the district court wasn't required to give Burrell notice before reviewing a complaint or dismissing it under strike grounds.  This requirement is absent from the statutory text and surrounding case law, and holds no legal merit.

10

## STANDARD OF REVIEW

The Court reviews "de novo the appropriate interpretation of § 1915(g)." *Tolbert v. Stevenson*, 635 F.3d 646, 649 (4th Cir. 2011).

## ARGUMENT

By the mid-1990s, federal district courts were buckling under an inundation of meritless pro se filings from incarcerated individuals.[6] "To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203 (2007)).  The rule states that if a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is *frivolous, malicious, or fails to state a claim upon which relief may be granted*," they typically may not proceed in forma pauperis.  28 U.S.C. § 1915(g) (emphasis added).  Such a dismissal is colloquially termed a "strike."  *See Lomax*, 140 S. Ct. at 1723.

Determining whether a dismissal constitutes a strike requires "a backwards-looking inquiry by a court faced with an application to proceed in forma pauperis."

---

[6] *See, e.g.*, *Table A: Incarcerated Population and Prison/Jail Civil Rights/Conditions Filing Rate, FY 1970 – FY 2020*, Incarceration and the Law (Apr. 2022), https://incarcerationlaw.com/resources/data-update (last accessed June 10, 2024).

*Pitts v. South Carolina*, 65 F.4th 141, 145 (4th Cir. 2023) (internal quotations omitted). The court examines "the face of each dismissal simply to determine whether [the dismissing court] terminated an action explicitly 'on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]'" *Blakely*, 738 F.3d at 616 (quoting 28 U.S.C. § 1915(g)). The focus is "not on the procedural posture at dismissal but rather on whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Id.* at 615.

The bells tolled here. The district court correctly counted Burrell's three prior dismissals—including the two that Burrell challenges (the *Unknown* dismissal under *Younger* and the *Anderson* dismissal for failure to comply with a court order)—as strikes under the PLRA. The face of each dismissal reveals that the underlying complaints failed to state a claim. The court thus properly denied Burrell's IFP motion.

## I.    Both Dismissals Facially Qualify as Strikes

This Court's review begins with the face of the dismissal, examining if they "explicitly state that the terminated actions were dismissed on [strike] grounds." *Blakely*, 738 F.3d at 616. Both the *Unknown* and *Anderson* dismissals state the termination fell under 28 U.S.C. § 1915A(b)(1), which requires dismissal if the

12

complaint is "is frivolous, malicious, or fails to state a claim upon which relief may be granted."[7]  Under this simple test, the Court should affirm.

The *Unknown* dismissal was unmistakably a strike, with the district court dismissing "pursuant to 28 U.S.C. § 1915A(b)(1) for *failure to state a claim*."  JA65 (emphasis added).  The order repeats this conclusion throughout:

- "Taking all of plaintiff's allegations as true, he *fails to state a claim* for which § 1983 relief presently is available."  JA66–67 (emphasis added).

- "For these reasons, this Court must adhere to the abstention doctrine, and the complaint will be dismissed without prejudice pursuant to § 1915A(b)(2) *for failure to state a claim* for which relief can be granted."[8]  JA67 (emphasis added).

- "Accordingly, it is hereby ORDERED that the complaint be and is DISMISSED, WITHOUT PREJUDICE, for *failure to state a claim* on which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1)."  JA67–68 (emphasis added).

Each page of the *Unknown* order rang the PLRA bell.

---

[7] The court didn't "exceed[] its authority" by dismissing pursuant to § 1915A.  Br. 19–20 (citing *Pitts*, 65 F.4th at 145).  *Pitts* forbids courts from ruling that "its dismissal of a complaint constitutes a strike."  65 F.4th at 145.  Neither the *Unknown* nor *Anderson* dismissal contain a strike finding.  But courts may still dismiss under relevant statutory grounds.

[8] The order erroneously cites 28 U.S.C. § 1915A(b)(2), which grants dismissal if the complaint "seeks monetary relief from a defendant who is immune from such relief."  Because the district court referred to that subsection as "for failure to state a claim," along with the repeated cites to the proper subsection, § 1915A(b)(1), it's clear that citation is a typo that this Court can ignore.  *See, e.g.*, *SE.H. v. Bd. of Educ. of Anne Arundel Cnty. Pub. Schs.*, 647 F. App'x 242, 247 n.8 (4th Cir. 2016); *United States v. Marion*, 590 F.3d 475, 476 n.1 (7th Cir. 2009).

The *Anderson* dismissal chimed similarly, stating the termination was "pursuant to 28 U.S.C. § 1915A(b)(1)." JA262. The citation to § 1915A(b)(1), which compels dismissal if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," establishes the order as a strike. And the previous order to amend, which Burrell violated, concluded that the relevant allegations did "not state a claim upon which relief can be granted." JA256–257. Because Burrell's last submitted complaint served "as the sole complaint" in the action, JA230, that determination remained true.

Removing any ambiguity, the dismissal order reiterated the deficiencies of the claims, emphasizing that "*the objective prong [of his claim for constitutionally deficient medical care] is not satisfied.*" JA261 (quoting *Moskos v. Hardee*, 24 F.4th 289, 298 (4th Cir. 2022)). And the order noted that it could affect Burrell's ability to proceed IFP in future actions, cementing that the dismissal was on a PLRA strike ground. JA262. True, the *Anderson* dismissal doesn't contain the phrase "failure to state a claim," but the face of the order attests that it was the basis for the termination.

14

Burrell argues this Court can reverse the calls because the PLRA doesn't explicitly list *Younger* or Rule 41(b) dismissals as strikes.[9] Br. 14. But this Court, sitting en banc, has rebuffed such a narrow reading of the statute. In *Blakely v. Wards*, the Court rejected the argument that summary judgment dismissals were not strikes merely because that posture wasn't expressly listed in § 1915(g). 738 F.3d at 617. So long as the "dismissal explicitly deems the terminated action frivolous, malicious, or failing to state a claim, then the summary judgment dismissal counts as a strike for Section 1915(g) purposes." *Id.* And this Court emphasized that this "bright-line approach" of simply examining the face of the dismissal "will help preserve the resources of both the courts and the defendants in prisoner litigation." *Id.* (internal quotations omitted).

Adopting Burrell's strict enumeration method clouds this Court's approach, requiring needless scrutiny of potential-strike dismissals that include additional explanation of the decision. This nonsensical result isn't demanded by the text of the PLRA and is contrary to its very purpose. "Just as courts may not alter the language of the statute to create new barriers for litigants, so too they may not alter

---

[9] Burrell designates the *Anderson* dismissal as a Rule 41(b) dismissal despite the order never mentioning the rule, which instead cites the court's "inherent authority to manage its docket." *See* Br. 20, JA260–263. Although Rule 41(b) "is not the source of that inherent power," it does provide an "explicit basis for this sanction." *Attkisson*, 925 F.3d at 625. Since classifying the *Anderson* dismissal as falling under Rule 41(b) doesn't change the analysis, we adopt the label. *See also* JA269 (Fourth Circuit affirming the district court's dismissal, labeling it as under Rule 41(b)).

15

the language to remove a hurdle that Congress imposed." *Hall v. United States*, 44 F.4th 218, 239 (4th Cir. 2022) (Richardson, J., concurring).

To determine whether Burrell's dismissals are strikes, this Court need only follow its bright-line approach and examine the face of the orders, both of which "rang the PLRA bells." *Blakely*, 738 F.3d at 614–15.

## II.   A Dismissal Under *Younger* Is a Strike

Ignoring the clear language of the *Unknown* dismissal, Burrell instead attacks the district court's underlying *Younger* analysis, characterizing it as akin to a "dismissal for lack of subject matter jurisdiction." Br. 18.  But he ignores the history and rationale of *Younger v. Harris*, which this Court recognizes as a non-jurisdictional doctrine.  *See Nivens v. Gilchrist*, 444 F.3d 237, 247 n.7 (4th Cir. 2006).  As other circuits have held, dismissals premised on *Younger* (or other abstention grounds) without retention of jurisdiction are "in the nature of" dismissals for failure to state a claim.  *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 745 (3d Cir. 1982); *see also Peralta v. Leavitt,* 56 F. App'x 534, 535 (2d Cir. 2003); *Newsome v. Broward Cnty. Pub. Defs.*, 304 F. App'x 814, 815–16 (11th Cir. 2008).  The district court called the strike right.

### A.   *Younger* Dismissals Are for Failure to State a Claim

In *Younger v. Harris*, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings, absent "great and immediate" injury

16

or bad-faith prosecution.  401 U.S. 37, 46, 49 (1971).  Espousing on the "ideals and dreams of 'Our Federalism,'" the Court emphasized that "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  *Id*. at 43–44.  Put simply, when there is an ongoing state criminal proceeding, the federal courts should abstain.

Burrell presents this abstention as "a Rule 12(b)(1) dismissal for lack of subject matter jurisdiction."  Br. 18.  But *Younger* abstention doesn't deprive courts of jurisdiction; it instead directs courts to "*decline* to exercise jurisdiction explicitly vested in them by Congress."  Martin H. Redish, *Abstention, Separation of Powers, and the Limits of the Judicial Function*, 94 Yale L.J. 71, 71 (1984) (emphasis added).  As the Supreme Court has emphasized, "whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  Thus, *Younger* abstention doesn't strip courts of their jurisdiction, but guides them to judiciously determine whether to wield their granted authority.

This Court also recognizes that "*Younger* abstention 'does not arise *from lack of jurisdiction in the District Court*, but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced.'"  *Nivens*, 444 F.3d at 247 n.7 (quoting *Ohio Civ. Rts. Comm'n v.*

17

*Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)) (emphasis added). And "a district court can abstain only when it has subject matter jurisdiction." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013). So, for the district court to dismiss under *Younger*, it must first have possessed jurisdiction.

Examining the rationale of *Younger* confirms it's not a jurisdictional dismissal. First, lower federal courts derive subject-matter jurisdiction only if authorized by the Constitution and vested by Congress. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 233 (1922). But *Younger* abstention is court-created doctrine, with no Congressional input, so *Younger* dismissals can't reflect the absence of jurisdiction. Second, if a court "determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). In contrast, "there are exceptions to *Younger* abstention." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 93 (4th Cir. 2022). They include bad-faith prosecution, great and immediate injury, and "§ 1983 damage actions."[10] *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir. 1986). And these exceptions aren't so narrow as to be unattainable; this Court recently affirmed a district court's holding that an action fit within an exception to *Younger* abstention. *See McVey*, 37 F.4th at 100–02; *see also Richmond,*

---

[10] None of the exceptions applied below. Burrell didn't seek damages, and the district court determined that "none of the extraordinary circumstances which might indicate a great and immediate threat of irreparable injury appear to be present here." JA67.

*Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 252 (4th Cir. 1993) (reversing a dismissal under *Younger*).

Put simply, a dismissal for lack of subject-matter jurisdiction—whether on Article III grounds or because an action falls outside any of the jurisdictional categories specified by Congress—sits apart from a dismissal based on the court-created and flexible *Younger* abstention doctrine.

Burrell can't deny that the district court had subject-matter jurisdiction over his § 1983 claim. *See* 28 U.S.C. § 1343 (granting federal courts jurisdiction). *Younger* didn't qualify that jurisdiction, but rather counseled the court to abstain from hearing the complaint. The district court correctly labeled that dismissal as a failure to state a claim under 28 U.S.C. § 1915A.

True, this Court has yet to explicitly state that *Younger* abstention is a dismissal for failure to state a claim. There's been little need because, in most cases, the classification of a dismissal is "more semantic than substantive because the effect of dismissal on grounds of abstention is the same." *Nivens*, 444 F.3d at 247 n.7. But a quick review of the Rule 12(b) dismissal categories confirms *Younger* dismissals are for failure to state a claim, akin to Federal Rule of Civil Procedure 12(b)(6).[11] Again, this Court has recognized that *Younger* dismissals are not based on lack of

---

[11] Dismissals under 28 U.S.C. § 1915A for failure to state a claim apply the same standards as Rule 12(b)(6). *See De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013).

19

jurisdiction, so they can't fall under Rule 12(b)(1).  *See Nivens*, 444 F.3d at 247 n.7. And the other Rule 12(b) defenses are poor fits.  *See* Fed. R. Civ. P. 12(b)(2)–(5), (7) (personal jurisdiction; improper venue; insufficient process; insufficient services of process; failure to join a party).  There's only one option left.

The Third Circuit agrees, holding that "a dismissal (without retention of jurisdiction) on abstention grounds is in the nature of a dismissal under [Rule] 12(b)(6)."  *Heritage*, 671 F.2d at 745.  The Second and Eleventh Circuit have also affirmed *Younger* dismissals for failure to state a claim.  *See Peralta*, 56 F. App'x at 535 (affirming *Younger* dismissal under § 1915A(b)(1) and Rule 12(b)(6)); *Newsome*, 304 F. App'x at 815–16 (affirming *Younger* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).

This makes sense.  *Younger* dismissals must be under Rule 12(b)(6) as the court is ultimately determining "whether Plaintiffs' complaint states a cognizable claim."  *Borum v. Brentwood Vill., LLC*, 218 F. Supp. 3d 1, 13 (D.D.C. 2016).  The district court below took all of Burrell's allegations as true and determined he wasn't entitled to relief because of *Younger* abstention.  "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  That's exactly what happened here.

Granted, district courts within this Circuit sometimes review *Younger* dismissals under Rule 12(b)(1).  *See, e.g.*, *Briggman v. Martin*, No. 5:21-CV-00074,

2022 WL 1203822, at *1 (W.D. Va. Apr. 22, 2022). But as noted previously, the courts have little reason to consider whether *Younger* is jurisdictional given that the distinction is usually "not material," *id.*, as typically the "outcome would be the same." *CMH Homes, Inc. v. Browning*, No. 2:14-CV-12762, 2015 WL 1276729, at *6 (S.D. W.Va. Mar. 19, 2015). This atypical case invites this Court to reaffirm that *Younger* abstention "does not arise from a lack of jurisdiction," *Nivens*, 444 F.3d at 247 n.7 (internal quotations omitted), and instead is a failure to state a claim.

Burrell's sole support lies in the Ninth Circuit's decision in *Washington v. Los Angeles County Sherriff's Department*, which held that "a dismissal due to *Younger* abstention, similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike under the PLRA." 833 F.3d 1048, 1058 (9th Cir. 2016). But the case fails to persuade in its briefing and reasoning.[12]

Both parties in *Washington* failed to develop and explore the *Younger* issues. There was no need; the strikes at issue there were primarily *Heck* dismissals, with a magistrate judge noting one complaint was either "*Heck* barred and/or *Younger*

---

[12] Burrell also claims the Tenth Circuit has "concluded that a *Younger* dismissal is not a strike." Br. 18 (citing *Carbajal v. McCann*, 808 F. App'x 620, 627 (10th Cir. 2020)). But *Carbajal* is an unpublished, nonprecedential case that relies solely on *Washington* for its *Younger* analysis. 808 F. App'x at 629–30 (underscoring that "the Tenth Circuit has not yet addressed the [*Younger*] issue"). It therefore suffers from the same flaws of *Washington*.

abstention."[13] *Id.* at 1053.  The parties focused their briefing before the Ninth Circuit on *Heck* and related subjects, barely addressing *Younger*.  Indeed, the opening and response brief each devoted a single sentence of argument as to whether *Younger* dismissals are strikes.  *See* Appellant's Opening Brief at 43, *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (No. 13-56647); Appellees' Answering Brief at 32, *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (No. 13-56647).  Unlike here, the *Washington* panel had essentially no development or discussion of whether *Younger* dismissals are strikes.

That lack of briefing on *Younger* hindered the *Washington* court's analysis.  The court stated that *Younger* dismissals weren't strikes because "a dismissal due to *Younger* abstention [is] similar to a dismissal under Rule 12(b)(1)."  833 F.3d at 1058.  But "similar to" isn't the standard under § 1915(g).  It's true Congress omitted dismissals for lack of subject-matter jurisdiction from strikes.  *See Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 437 (D.C. Cir. 2007) (concluding that

---

[13] In *Heck v. Humphrey*, the Supreme Court held that a court must dismiss a § 1983 claim if (1) it seeks to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and (2) the plaintiff can't show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994).  Simply put, a civil damages claim that undermines a valid, underlying conviction or sentence is "not cognizable under § 1983," and such complaints must be dismissed.  *Id.* at 487.

"Congress intended for the three-strikes rule to . . . not [count] 12(b)(1) dismissals"). But, as explained above, *Younger* dismissals aren't jurisdictional. *See Nivens*, 444 F.3d at 247 n.7 ("*Younger* abstention 'does arise not from lack of jurisdiction[.]'"). And the PLRA doesn't invite courts to determine whether a dismissal is "similar enough" to a non-strike.

Adopting the Ninth Circuit's "similar to" test would blur this Court's "bright-line approach" of examining strike calls. *Blakely*, 738 F.3d at 617. It requires an examination of whether a dismissal resembled a valid strike or not, which would waste the "resources of both the courts and the defendants in prisoner litigation" that the PLRA was designed to preserve. *Id.* (internal quotations omitted).

Burrell counters that a dismissal for failure to state a claim must be "on the merits." Br. 16. Since *Younger* abstention "precluded the district court from reaching the merits," Burrell continues, it definitionally can't be a dismissal under Rule 12(b)(6). *Id.* (internal capitalization omitted). Neither proposition is true.[14]

---

[14] Implicit in Burrell's argument is that a failure-to-state-a-claim strike must be "on the merits." That was once true in this Court. *See McLean v. United States,* 566 F.3d 391, 396 (4th Cir. 2009) ("[T]he type of prior dismissal for failure to state a claim contemplated by § 1915(g) is one that constituted an adjudication on the merits[.]"). But the Supreme Court unequivocally rejected that interpretation, ruling that any dismissal for failure to state a claim is a strike, regardless of whether it was "an adjudication on the merits." *Lomax*, 140 S. Ct. at 1725 (internal quotations omitted). Though even ignoring the Supreme Court's clear command, Burrell's reasoning still fails.

23

First, Rule 12(b)(6) dismissals aren't necessarily on the merits. "A dismissal without prejudice for failure to state a claim," like the *Unknown* order, "is not an adjudication on the merits." *McLean*, 566 F.3d at 396, *abrogated on other grounds by Lomax*, 140 S. Ct. 1721. In fact, Burrell's own citations lack the "on the merits" or "reaching the merits" language that is critical to his argument. *See* Br. 16. For example, *Jones v. Bock* states simply that a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." 549 U.S. at 215. That's what a *Younger* dismissal does.

Second, *Younger* dismissals can be on the merits. Although typically *Younger* abstention is "not on the merits," there "are exceptions to this rule," such as when the dismissal is "without prejudice thus allowing the plaintiffs to refile in district court if in fact the state does deny them adequate protection." *Nivens*, 444 F.3d at 247 & n.8. That's exactly what the district court did—it dismissed without prejudice and noted it did "not preclude his ability to challenge the irregularities he alleges in a petition for habeas corpus relief." JA67 n.2. Even under Burrell's tests, his dismissal remains a strike.

## B. The District Court Properly Construed Burrell's Letter as a § 1983 Complaint

Burrell's letter to the *Unknown* court, listing his allegations of "judicial corruption" and a "miscarriage of justice," JA58–61, effectively served as a complaint. Courts have a "responsibility to construe pro se filings liberally." *Wall*

*v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022).  And they must "liberally construe complaints even where pro se plaintiffs do not reference any source of law." *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 534 (4th Cir. 2022) (internal quotations and alterations omitted); *see also* Fed. R. Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.").  Burrell submitted a four-page letter, addressed to the Eastern District of Virginia, describing alleged offenses at his state court trial.  JA58–61.  This was a plain attempt to invoke the jurisdiction of the district court, which had a duty to consider it a complaint.

Burrell nonetheless faults the *Unknown* court for characterizing his letter "as a complaint without notifying him of (1) its intent to do so, and (2) the concomitant risk that any dismissal of the complaint could count as a PLRA strike."  Br. 17.  In other words, Burrell fabricates a notice requirement and then cites it as reversible error.  But in "enacting the PLRA, Congress intended most fundamentally to reduce the burden on overworked courts."  *Blakely*, 738 F.3d at 627 (Motz, J., dissenting); *see also id.* at 609.  Reading the statute to require new notice burdens for pro se complaints turns the text on its head.

Burrell analogizes a PLRA notice provision to recharacterizing a pleading into a federal habeas motion.  Br. 17.  But this isn't habeas, and the comparison is incongruous.  The PLRA offers three strikes, unlike the single shot for habeas.  Accruing a single strike didn't "hinder [Burrell's] access to the courts."  *Id.*  Instead,

it informed him of what is disallowed so that he could "change[ his] approach to the next pitch." *Belanus v. Clark*, 796 F.3d 1021, 1028 (9th Cir. 2015). And courts have no duty to inform that a dismissal could lead to a strike; in fact, they can't call their dismissals strikes at all. *Pitts*, 65 F.4th at 143.

Burrell places the district court in an unwinnable position. Had the district court not construed Burrell's letter as a complaint, it may well have infringed on his "constitutional right of meaningful access to the courts." *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978). But now Burrell argues that the court's review of his letter, consideration of its merits, and written order "hinder[ed] his access" all the same. Br. 17. The court is caught in a catch-22, where any action it takes can be construed as a violation of Burrell's rights.

Fortunately, the reality is much simpler. Burrell submitted a letter to the district court detailing allegations of corruption and abuses. That's what a complaint is, and the district court responsibly treated the letter as such.

## III.    A Rule 41(b) Dismissal for Failure to Comply with an Order Providing a Plaintiff the Chance to Cure Pleading Defects Is a Strike

A dismissal for failure to state a claim is a strike regardless of the procedural mechanism the court relies on to dismiss the action. In assessing strike calls, this Court focuses "not on the procedural posture at dismissal but rather on whether the dismissal rang the PLRA bells[.]" *Blakely*, 738 F.3d at 615; *see also Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (following *Blakely* in holding that "the

style of the dismissal or the procedural posture is immaterial" when counting strikes). The *Anderson* court's dismissal rang the PLRA bell loud and clear. Burrell "failed to file an amended complaint that cures the deficiency noted in the [previous] Order." JA261. That fundamental deficiency resulted in a complaint that did "not state a claim upon which relief can be granted." JA256–257.

Burrell counters with two arguments. First, he argues that Rule 41(b) dismissals can't be strikes because they don't "comment on the merits of the case." Br. 20. Second, he contends this Court should defer to the district court's "deliberate decision to dismiss this case on Rule 41(b), not Rule 12(b)(6), grounds" as affirmation it's not a strike. Br. 22. Neither convinces.

Burrell again asserts that a dismissal for failure to state a claim is a merits determination. He's again wrong. *See supra* section II.A. He's also mistaken that a Rule 41(b) dismissal "does not address the merits of the case." Br. 21. The *Anderson* dismissal no doubt addressed the merits: the court explained that Burrell's second amended complaint "failed to quantify the delay [in receiving medical attention] or provide any allegations regarding the serious injury that allegedly resulted from delay," and that without such information, "*the objective prong is not satisfied*." JA261 (quoting *Moskos*, 24 F.4th at 298). Burrell failed to rectify the deficiencies that prevented his claims from having merit, which led to dismissal. So even under Burrell's invalid standard, the dismissal would be a strike.

Admittedly, not all Rule 41(b) dismissals will touch the merits of the case. For example, if a litigant fails to file an administrative form required by court order, a court may dismiss the action pursuant to Rule 41(b) even though dismissal would not involve an examination of the merits. *See Lee v. Brown*, 610 F. Supp. 3d 865, 867 (W.D. Va. 2022) (dismissing action pursuant to Rule 41(b) where plaintiff failed to file a consent form necessary for the collection of the filing fee). But this Court need not reach the question whether an examination of the merits is necessary to accrue a strike, because even if such examination is required, the court did so in *Anderson*. JA261.

Burrell's next argument rests on a trivial technicality. Because the "district court made a deliberate decision to dismiss this case on Rule 41(b), not Rule 12(b)(6), grounds," he argues this Court should "defer to that proper exercise of discretion" and rule it as not a strike. Br. 22. First off, Burrell is factually incorrect: The district court dismissed "pursuant to 28 U.S.C. § 1915A(b)(1)." JA262. Following Burrell's logic, this Court could defer to that provision and call the dismissal a strike.

Even ignoring that fundamental factual flaw, there's no support for Burrell's deferential standard. This Court doesn't "defer" to district courts' discretion when making strike calls. *See Pitts*, 65 F.4th at 143. It instead examines "at the face of each dismissal simply to determine whether [the district court] terminated an action

explicitly" on strike grounds. *Blakely*, 738 F.3d at 616. Burrell's complaint was dismissed because he failed to comply with an order requiring him to do one thing—state a claim upon which relief could be granted. Burrell can't avoid a strike by ignoring the underlying reason that the court issued the order. *See Thompson*, 492 F.3d at 433 (holding it would be "hypertechnical" to not count a dismissal as a strike because it was "formally dismissed it for failure to prosecute, rather than for frivolousness"). Burrell failed to file a third amended complaint. Consequently, his second amended complaint served "as the sole complaint" in this action. JA230. And the relevant claims in that complaint "do not state a claim upon which relief can be granted." JA256–257.

Finally, Burrell claims that even if the Court finds the *Anderson* dismissal was for failure to state a claim, it should not count as a strike because Burrell had no notice that his case was dismissed on any ground other than Rule 41(b). Br. 25. This position, which parrots his notice argument on the *Unknown* dismissal, lacks support in law and facts. As a preliminary matter, § 1915(g) does not provide any notice requirements. *See* 28 U.S.C. § 1915(g). Even if it did, the dismissal states it was under § 1915A(b)(1) and that "pursuant to 28 U.S.C. § 1915(g), this dismissal may affect [Burrell's] ability to proceed in forma pauperis in future civil actions." JA262. Burrell was not required "to speculate on the grounds that the judge could or even

should have based the dismissal on." Br. 25 (quoting *Paul v. Marberry*, 658 F.3d 702, 706 (7th Cir. 2011)). It was written in clear terms.

Accepting Burrell's argument could deter courts from giving pro se prisoners additional opportunities to amend complaints that fail to state a claim. Had the district court dismissed Burrell's initial meritless complaint, this issue wouldn't be before this Court. *See* JA137 (finding Burrell's initial complaint "largely conclusory in nature"). Instead, the court granted Burrell *three opportunities* to amend his complaint, providing comprehensive recommendations in each order. And when Burrell failed to file an amended complaint, the court dismissed his case, recognizing the need "to manage its docket." JA262. Burrell now frames his lapse as a legal loophole to avoid his strike call. Under that system, any time a court granted leave to amend meritless complaints, incarcerated litigants could evade strikes by missing a deadline. To avoid the risk, courts would have one option: dismiss as early as possible.

The PLRA doesn't reward litigants that can distinguish their dismissals on "hypertechnical" grounds. *See Thompson*, 492 F.3d at 433. Burrell failed to amend a complaint that failed to state a claim, which resulted in its dismissal. That's a strike.

## CONCLUSION

The Court need only look at the face of each dismissal to see that both were for failure to state a claim.  This Court should affirm the district court's strike calls.

## STATEMENT REGARDING ORAL ARGUMENT

Undersigned counsel respectfully requests oral argument.

Respectfully Submitted,

/s/ *Timur Akman-Duffy*

DAVID ROBERTS
TIMUR AKMAN-DUFFY
   *Court-Appointed Amicus Curiae*
KATIE DEMALLIE
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4061
Telephone: +1 202 383 5300
Facsimile:  +1 202 383 5414
E-Mail: TAkmanDuffy@omm.com

*Amicus Curiae*

June 10, 2024

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7286 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, 14-point Times New Roman font using Microsoft Word.

/s/ *Timur Akman-Duffy*
TIMUR AKMAN-DUFFY
    *Court-Appointed Amicus Curiae*

June 10, 2024

33

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2024, I electronically filed this Amicus Brief with the Clerk of this Court using the appellate CM/ECF System.  The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Timur Akman-Duffy*
TIMUR AKMAN-DUFFY
   *Court-Appointed Amicus Curiae*